UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SPLENDID DWELLINGS LLC** | : | CIVIL ACTION NO. _____ |
| VS. | : | JUDGE _____ |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER OUA10076658-01** | : | MAGISTRATE JUDGE_____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Splendid Dwellings LLC, through their undersigned attorneys, allege as follows:

### NATURE OF ACTION

1.

This is an action by Splendid Dwellings LLC for damages against their homeowner's insurance company, Certain Underwriters at Lloyd's, London Subscribing to Policy Number OUA10076658-01 (hereinafter referred to as "Lloyd's"), for its failure to pay the full sums owed under its insurance policy resulting from damages to their home caused by Hurricane Ida.

### JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiff is a Louisiana limited liability company and a citizen of the State of Louisiana. Defendant, Lloyd's, is a foreign insurance company domiciled in the State of New York. The unpaid losses due under Defendant's insurance policy, plus penalties, attorney's fees, costs, and expenses on top of those

unpaid losses owed pursuant to La. R.S. 22:1892 and La. R.S. 22:1973 exceed the sum of $75,000.00.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

4.

Plaintiff, Splendid Dwellings LLC, is a Louisiana limited liability company and a citizen of the State of Louisiana.

5.

Defendant, Lloyd's, is a foreign insurance company domiciled in the New York and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL ALLEGATIONS

6.

On the evening of August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana, as a strong Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Ida traveled northwest and hit Orleans Parish, Louisiana, with hurricane-force sustained winds exceeding 100 miles per hour.

8.

At the time of Hurricane Ida, and through the present, Splendid Dwellings LLC was and still is the owner of the dwelling and property located at 8739 Edinburg Street, New Orleans, Louisiana 70118 ("the property").

9.

As a result of Hurricane Ida, the property sustained damage to its dwelling, other structures, and contents. Plaintiff also sustained out of pocket living expenses and loss of rental income due to the damages to the property caused by Hurricane Ida.

10.

At the time these damages were sustained due to Hurricane Ida, plaintiff had in full force and effect a policy of insurance with Lloyd's providing coverage for all of the losses sustained by plaintiff to the property, dwelling, other structures, and contents, as well as for debris removal, code upgrades, average living expenses, and fair rental value.

11.

Following the storm, plaintiff reported their losses to Lloyd's and made claims for payment of those losses.

12.

On March 9, 2022, an adjuster retained and/or employed by Lloyd's inspected the property. The adjuster was provided with full access to the property and had a full opportunity to inspect the dwelling, its contents, and other structures to fully determine plaintiff's losses caused by Hurricane Ida without any limitations.

13.

The payments made to date by Lloyd's to plaintiff are inadequate to cover the costs to repair to the damages to the property, its dwelling, and its other structures, which damages were clearly visible to the adjuster retained and/or employed by Lloyd's at the time of the adjuster's inspection. The damages to the dwelling, its other structures, contents, loss of use, code upgrades, average living expenses, and loss of rent exceed the amounts estimated and paid by Lloyd's.

14.

Because of Lloyd's' failure to adequately tender payments for damages caused by Hurricane Ida, plaintiff has not been able to substantially conduct repairs to the property and compensate them for the loss of use of the home, causing them mental anguish.

## CAUSES OF ACTION AND DAMAGES

### A. THE INSURANCE POLICY

15.

Plaintiff reiterates and incorporates by reference all allegations in Paragraphs 1-14 above.

16.

The damages to the home caused by Hurricane Ida exceed the amounts estimated and paid by Lloyd's.

17.

Plaintiff is entitled to recover from Lloyd's the full cost of repairs of the home and other structures, less the inadequate payments made to date by Lloyd's, in accordance with the insurance coverage plaintiff purchased from Lloyd's.

18.

Plaintiff is also entitled to recover for unpaid and/or underpaid contents, additional living expenses, debris removal, code upgrades, and loss of rental income in accordance with the insurance coverages they purchased from Lloyd's.

19.

Plaintiff is entitled to recover from Lloyd's for the full losses he suffered due to Hurricane Ida under each of the insurance coverages plaintiff purchased from Lloyd's.

### B. PENALTIES AND ATTORNEY'S FEES

20.

Plaintiff reiterates and incorporates by reference all allegations in Paragraphs 1-19 above.

21.

Pursuant to Louisiana Revised Statute 22:1892, Lloyd's was required to unconditionally tender payment to plaintiff for the losses not reasonably subject to dispute caused by Hurricane Ida within 30 days of Lloyd's receipt of satisfactory proof of loss when its adjusters inspected the home. Lloyd's failed to do so.

22.

La. R.S. 22:1892 further required Lloyd's to re-evaluate plaintiff's claims and to tender additional unconditional payments to plaintiff each time Lloyd's received additional information concerning the losses sustained by him due to Hurricane Ida. Lloyd's failed to do so.

23.

Pursuant to La. R.S. 22:1892, Lloyd's is liable to plaintiff for a penalty of 50%, in addition to the amount of the loss, on the amount due from Lloyd's, as well as reasonable attorney's fees and costs, for Lloyd's failure to unconditionally tender the amounts owed to plaintiff within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

24.

Pursuant to La. R.S. 22:1973A, Lloyd's is additionally liable to plaintiff for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for Lloyd's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to plaintiff within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

25.

Pursuant to La. R.S. 22:1973C, in addition to actual damages for its breaches of the statute, Lloyd's is additionally liable to plaintiff for a penalty of the up to two times the actual damages they sustained or five thousand dollars, whichever is greater.

## REQUEST FOR RELIEF

26.

WHEREFORE, plaintiff, Splendid Dwellings LLC, prays that, after due proceedings are had, that there be a judgment rendered herein in plaintiff's favor and against defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy Number OUA10076658-01, for the full amounts due under the terms of the coverages provided by defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,

**THE TOWNSLEY LAW FIRM**

BY:   *s// Jackson T. Brown*
      **JACKSON T. BROWN, LSBA Bar Roll #36397**
      **HANNAH E. MAYEAUX , LSBA Bar Roll #39275**
      3102 Enterprise Boulevard
      Lake Charles, LA  70601
      Telephone:   (337) 478-1400
      Facsimile:   (337) 478-1577
      Email: jtbrown@townsleylawfirm.com
      hannah@townsleylawfirm.com
      ATTORNEYS FOR PLAINTIFF

**PLEASE SERVE:**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER OUA10076658-01**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA  70809**