**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SPLENDID DWELLINGS, LLC,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3240** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO POLICY NUMBER OUA10076658-01,**<br>**Defendant** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Exclude Untimely Identified Expert Witness.[1] Defendant submitted an Opposition.[2]

## Background

This action arises out of damage to property resulting from Hurricane Ida on August 29, 2021.[3] Plaintiff Splendid Dwellings LLC ("Splendid Dwellings") was and is the owner of a property located at 8739 Edinburg Street, New Orleans and had a policy with Defendant Certain Underwriters at Lloyd's, London ("Underwriters") providing coverage for damage to the property.[4] Splendid Dwellings alleges the payments it received from Underwriters were inadequate to cover the costs to repair the damages the property suffered from Hurricane Ida.[5]

On December 4, 2025, the Court issued a Scheduling Order in this action.[6] As relevant here, the Scheduling Order set a deadline of July 7 for Underwriters to deliver

[1] R. Doc. 36.
[2] R. Doc. 41.
[3] R. Doc. 30 at p. 4 ¶ 6.
[4] *Id.* at p. 4. ¶ 8, 10.
[5] *Id.* at p. 5 ¶ 15.
[6] R. Doc. 21.

expert reports to plaintiff's counsel.[7] July 7, 2026 was also the deadline for the parties to file and serve witness and exhibit lists.[8] Discovery closed on July 30, 2026.[9] Trial in this matter is set for October 5, 2026.[10]

The parties do not dispute the following facts. Underwriters provided Splendid Dwellings with both a witness and exhibit list and a separate expert designation prior to the July 7 deadline.[11] Absent from those documents, however, was the name of Brian Lindsey, P.E., Keystone Experts and Engineers, LLC.[12] On July 27, 2026, Underwriters provided Splendid Dwellings with an amended expert designation listing Brian Lindsey.[13] On July 28, 2026, Underwriters offered to make Mr. Lindsey available for a deposition "before or after the discovery deadline."[14]

Splendid Dwellings filed this Motion on August 6, 2026 seeking to exclude the testimony of Mr. Lindsey as an untimely identified expert witness pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

**<u>Law and Analysis</u>**

Under Federal Rules of Civil Procedure Rule 16(f)(1)(C) the Court may issue "any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Trial courts, however, have "broad discretion to preserve the integrity and purpose" of a scheduling order.[15] When determining whether to exclude expert testimony as improperly designated, district courts in the Fifth Circuit consider four factors: "(1) the

---

[7] *Id.* at p. 9.
[8] *Id.* at pp. 9-10.
[9] *Id.* at p. 10.
[10] R. Doc. 21 at p. 13.
[11] *See* R. Doc. 36-1 at p. 2; R. Doc. 41 p. 2; R. Docs. 36-4 and 36-5.
[12] *Id.*
[13] R. Doc. 36-6 at p. 2.
[14] R. Doc. 36-7.
[15] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[16] Courts in this circuit have allowed plaintiff's to designate experts after the court mandated deadline to do so had passed, even when the Plaintiff failed to provide an adequate explanation for the untimely designation, when the expert could provide essential testimony at trial.[17]

Underwriters argue the factors counsel in their favor. Regarding the first factor, Underwriters state the failure to identify Mr. Lindsey in its initial witness and exhibit lists and expert designation was "inadvertent."[18] Regarding the second factor, Underwriters argue Mr. Lindsey's testimony is important because he is their only expert to inspect the subject property after the occurrence of a fire in December 2022 and so is "a crucial part of their defense."[19] Underwriters point out, further, that Splendid Dwellings' designated witness, Ronald Martin, makes reference to Mr. Lindsey's expert report in his deposition.[20] Regarding the third factor, Underwriters argue Splendid Dwellings will not suffer any prejudice if the Court allows Mr. Lindsey to testify because Splendid Dwellings was on notice of the contents of Mr. Lindsey's expert report two years prior to the relevant deadlines, and because Mr. Lindsey remains available for deposition prior to trial.[21] Underwriters represent that Mr. Lindsey inspected the property at issue on May 10, 2024

---

[16] *Izaguirre v. Ugland Marine Mgmt. AS*, No. CIV.A. H-11-4195, 2012 WL 4104791, at *1 (S.D. Tex. Sept. 17, 2012)(quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).
[17] *Conroe v. Ins. Co. of the W. (ICW)*, No. CV H-18-2855, 2019 WL 13090154, at *2 (S.D. Tex. Nov. 22, 2019)(allowing a plaintiff to designate an expert after the deadline, even though plaintiff did not provide an adequate explanation for his untimeliness, because the expert's testimony was "essential to the remaining issue for trial."); *Izaguirre*, 2012 WL 4104791, at *2 (allowing a plaintiff to designate an expert after the deadline, even though their failure to abide by the court's deadlines was not a result of excusable neglect, because the expert's testimony was "essential to plaintiff's claims.").
[18] R. Doc. 41 at p. 5.
[19] *Id.* at p. 4.
[20] R. Doc. 41 at p. 5; R. Doc. 37-12 at p. 7 20:18-20.
[21] R. Doc. 41 at p. 5.

in the presence of Cal Chambers, a representative for Splendid Dwellings.[22] Mr. Lindsey prepared a report after the inspection, and Underwriters sent that report to Splendid Dwellings on July 19, 2024.[23] Regarding the fourth factor, Underwriters maintain that because there is no prejudice to Splendid Dwellings, no continuance is needed to cure it.

In their Motion, Splendid Dwellings makes no argument concerning the relevant Fifth Circuit factors described above.[24]

Considering the Fifth Circuit factors, good cause exists to allow the testimony of Mr. Lindsey and to permit Underwriters to update their witness and exhibit lists past the July 7, 2026 deadline.

Underwriters have not provided a substantive justification for their failure to identify Dr. Lindsey in their witness and exhibit lists beyond the claim that the omission was "inadvertent."[25] As such, the first factor weighs against Underwriters.[26]

However, the second and third Fifth Circuit factors—the importance of Mr. Lindsey's testimony and the potential prejudice to Splendid Dwellings—weigh heavily in favor of allowing Underwriters to amend their witness and exhibit lists. As for the second factor, Splendid Dwellings' own experts make reference to Mr. Lindsey's report in their sworn testimony, and Mr. Lindsey is the Underwriters' only expert to inspect the suspect property after a fire occurred in December, 2022.[27] Thus, his testimony will be important at trial. As for the third factor, Splendid Dwellings has been in possession of Mr. Lindsey's

---

[22] R. Doc. 41 at p. 2, 4; R. Doc. 41-2 at p. 7.
[23] R. Doc. 41 at p. 2; R. Doc. 41-1.
[24] *See* R. Doc. 36.
[25] R. Doc. 41 at p. 5.
[26] *See Izaguirre v. Ugland Marine Mgmt. AS*, No. CIV.A. H-11-4195, 2012 WL 4104791, at *2 (S.D. Tex. Sept. 17, 2012) ("[A] scheduling mistake is not a satisfactory explanation for which relief may be granted.").
[27] R. Doc. 37-12 at p. 7, 20:18-20; R. Doc. 41.

expert report for over two years.[28] There remain over six weeks before trial, and Underwriters have offered to make Mr. Lindsey available for deposition.[29] Since this is sufficient time to depose Mr. Lindsey, there is no potential prejudice against Splendid Dwellings. As such, both the second and third factors weigh in favor of Underwriters.

Since there is time for Mr. Lindsey to be deposed prior to the trial, a continuance is not necessary to avoid prejudice to Splendid Dwellings. The fourth Fifth Circuit factor—the availability of a continuance to cure prejudice—is neutral.

Because Mr. Lindsey's testimony is important to Underwriters' case, and because there is no potential prejudice to Splendid Dwellings, the Fifth Circuit factors weigh in favor of allowing Underwriters to submit an amended witness and exhibit list identifying Mr. Lindsey.

Accordingly,

## Conclusion

**IT IS ORDERED** that the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that Underwriters may file an updated witness and exhibit list on or before **Friday, August 28, 2026**.

**IT IS FURTHER ORDERED** that Splendid Dwellings may depose Mr. Lindsey on or before **Friday, September 11, 2026**.

**New Orleans, Louisiana, this 20th day of August, 2026.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

[28] R. Doc. 41-1.
[29] R. Doc. R. Doc. 36-7.